## ST. LOUIS AND CAIRO RAILROAD COMPANY
### v.
## MAGGIE A. CARROLL.

I. COMMON CARRIER—REASONABLE REGULATIONS.—The rule of railroad companies requiring a ticket or full fare from passengers is a reasonable one, and necessary in order to enable them to transact their business.

2. REDUCED RATES—SPECIAL TICKET—NOTICE.—Where a railroad advertised to carry passengers from several points to another and return "for one fare for the round trip," passengers desiring to avail themselves thereof are chargeable with notice that when a round trip at one fare is advertised, it necessarily implies the purchase of a special ticket.

3. SAME.—Where a passenger failing to get such ticket on application, owing to the company having none on sale at his station, was carried one way by the conductor understanding the circumstances, for one half fare, if he went on the train to return without calling at the company's station for a ticket, he must have known, especially in the absence of any explanation on his part, that he would be required to pay full fare; and that if he did not do so, he would be put off the cars.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1883.

Mr. GARLAND POLLARD, for appellant; that the regulations to the conductor to collect full fares from passengers without tickets were reasonable and such as the company had a right

to make, cited Hutchinson on Carriers, § 572; Hall v. M. & C. R. R. Co. 9 Fed. R. 585; Townsend v. N. Y. C. & H. R. R. R. Co. 56 N. Y. 295.

The circumstances should have been explained by appellee to the conductor: Willetts v. Buffalo R. R. Co. 14 Barb. 585.

If an action can be maintained, plaintiff should be allowed nominal damages only: Pullman Palace Car Co. v. Reed, 75 Ill. 125; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; T. P. & W. R. R. Co. v. Patterson, 63 Ill. 304; Morse v. Duncan, 15 Cent. L. J. 488.

Mr. W. WINKLEMAN, for appellee; as to damages, cited C. & A. R. R. Co. v. Flagg, 43 Ill. 364; I. C. R. R. Co. v. Johnson, 67 Ill. 315.

BAKER, J. This was an action on the case for wrongfully ejecting appellee from appellant's cars. Appellant advertised it would carry passengers during the week of the St. Louis fair, in October, 1882, for "one fare for the round trip." One Dr. Channig, with appellee and his daughter, went to Barksville Station and applied to the agent of appellant for round trip tickets for the party, and was informed he had none, but that they could be procured of the conductor on the train. After the train started with them they discovered the conductor had no round trip tickets. Dr. Channig then tendered half fare for the party, but the conductor told him he had no authority to receive it; that his instructions were to collect regular fare or get a ticket, and he offered to stop the train at the next station long enough to get round trip tickets. This offer was declined on the ground it would cost more, and thereupon the conductor said that, under the circumstances, he would take the responsibility and pass them on half fare to East St. Louis, which he did. Dr. Channig asked how they were to get back, and was told by the conductor that if he would apply to the agent at East St. Louis, he would probably arrange it for him in some way. It seems the agent at East St. Louis was not applied to by any of the party. About the middle of the week the doctor returned from St. Louis, leaving his daughter and appellee there, and on Friday

St. L. & C. R. R. Co. v. Carroll.

morning they took appellant's train at East St. Louis to return to Barksville. When the conductor came around for fares appellee was in the seat in front of Miss Channig and told him Miss Channig would pay the fare; Miss Channig handed the conductor $1.15 which was full fare for one from East St. Louis to Barksville. He said to her it was only fare for one, and she claimed it was half fare for both and stated it was all she would pay. Thereupon he said he would have to have another fare or one of them would have to leave the train at the next station. Her answer was, it would not be her as she had paid him the money. The conductor upon reaching the rear end of the car informed an employe that appellee would get off at the next station. When the train stopped this employe told appellee that was the place where she was to get off; and thereupon she got up and followed him out of the car. This was at Cahokia Station, and appellee remained there until the evening train came along, when having borrowed some money she took this train, paid her fare, and reached Barksville about 8 P. M.

The conductor of the train from which appellee was ejected was not the conductor who had been in charge of the train upon which she had gone to East St. Louis in the early part of the week; and he was wholly uninformed as to the circumstances of that trip and of her application to the agent at Barksville for a round trip ticket. The rules of the company required him to either get a ticket or collect full fare. This rule of the company was reasonable and necessary in order to enable it to transact its business as a common carrier; and if there were special circumstances known to appellee that would take her case out of the established rule, it was her duty, when called upon, to inform him of these circumstances. It seems neither appellee nor Miss Channig gave him any information of their application for a round trip ticket or stated any facts tending to establish a right to half fare. By their silence in this regard, they gave the conductor to understand their claim was the right to make the trip one way for half fare, or at *round trip* rates; and having such understanding, he could not, consistently with his duty to his employers, do

otherwise than he did. Commonwealth v. Power, 7 Metcalfe, 596; Willette v. B. &. R. R. R. Co., 14 Barb. 385.

There can be no question but it was the duty of appellant, having advertised to carry persons from the several stations on its line *to* East St. Louis and return, at " one fare for the round trip," to provide suitable tickets at its stations, and that for a failure to do so, it would be held to respond in damages to any one who had acted upon the advertisement and had demanded a ticket. But appellee must be held chargeable with notice of any uniform manner in which business is conducted; and consequently with notice that when a *round trip at one fare* is advertised, it necessarily implies the purchase of a special ticket. When, then, appellee went on the train at East St. Louis without a ticket, and without having called at the office of the company, she must have known she would be required, especially in the absence of any explanation on her part, to pay regular fare; and that if she did not do so she would be put off the cars.

The company had not advertised to carry passengers from East St. Louis at half fare. The action is on the case for a tort for ejecting appellee from the train, and the proximate causes of such expulsion were her refusal to pay regular fare, and failure to inform the conducter of the antecedent circumstances, of which he had no knowledge. If the acts of the company, then, so far had been wrongful, and its failure to furnish a round trip ticket was a breach of contract, then a cause of action had accrued to her and she had her remedy.

When she entered the cars at East St. Louis, it was upon the implied condition she would pay the usual fare, and in default of such payment would be liable to be put off the train. Had she, upon her failure to obtain on demand from the agent at Barksville a ticket such as advertised, entered the cars and tendered one full fare for the round trip insisting upon a voucher therefor, and her request had been refused and she ejected, then a different case would be presented. But here she or her agent, Dr. Channig acting for her, voluntarily paid half fare to East St. Louis, with the understanding, necessarily, that if application was not made to the agent at East St. Louis,

and the matter arranged, full fare would be required on her return.

We are of the opinion the verdict, which was for the plaintiff for $350 damages, was against the evidence, and that the motion for a new trial should have prevailed.

The judgment is reversed and the cause remanded.

Reversed and remanded.